## NATIONAL LABOR RELATIONS BOARD v. PEARLSTONE CO.

### No. 480, Original.

Circuit Court of Appeals, Eighth Circuit.

Oct. 28, 1940.

Howard Lichtenstein, Atty., National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, Robert B. Watts, Associate Gen. Counsel, Laurence A. Knapp, Asst. Gen. Counsel, and Allen Heald and Frank Donner, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

No appearance was made for respondent.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

PER CURIAM.

This case comes to this court upon a petition of the National Labor Relations Board for the enforcement of its order against the respondent Pearlstone Company, doing business as Pearlstone Printing & Stationery Company. The order sought to be enforced was issued October 27, 1939, in a proceeding under the National Labor Relations Act. Act of July 5, 1935, c. 372, 49 Stat. 449; 29 U.S.C.A. § 151 et seq.

The respondent is a Missouri corporation engaged in conducting a printing and stationery business in Missouri. Upon charges filed by the Allied Printing Trades Council, a labor organization, the Board issued a complaint and notice of hearing against respondent. The notice was duly served. The complaint alleged that respondent had engaged in unfair labor practices affecting commerce within the meaning of section 8(1), (2), (3), and (5) and section 2(6) and (7) of the Act, 29 U.S.C.A. §§ 158(1-3, 5), 152(6, 7). A hearing was held before an examiner in March, 1938. Thereafter by order of the Board the record was reopened for further hearing. Amended charges were filed and an amended complaint issued, alleging violation of section 8(1), (3), (4), and (5) of the Act. Notice of further hearing was served and a second hearing held in April, 1939.

Respondent filed no answer to either the original or the amended complaint and did not appear at either hearing. A subpoena served on respondent to appear and produce certain of its records was disregarded.

The Board found that respondent is engaged in commercial printing and the manufacture and sale of office supplies at St. Louis, Missouri; that in 1937 approximately 15 per cent. of its finished products were shipped to points outside of Missouri, and that approximately 65 per cent. of its raw materials were obtained from out-of-state sources; that it had interfered with, restrained, and coerced its employees in violation of section 8(1) of the Act; and that it had discriminatorily discharged certain of its employees in violation of section 8(1), (3) and (4) of the Act.

Upon these findings the Board ordered the respondent in brief: (1) To cease and desist from (a) discouraging membership in the union, (b) discharging its employees for giving testimony under the National Labor Relations Act, (c) interfering with the right of its employees to self-organization; and (2) to offer certain of its employees reinstatement and to make them whole for loss of wages; and to post appropriate notices.

The respondent has not appeared in this court to resist the petition of the Board for enforcement. We have examined the record of the hearing before the Board, and it is clear that the Board had jurisdiction, that its findings are supported by substantial evidence, and that the order based thereon is warranted by the findings. The petition for a decree of enforcement is therefore granted.